Filed 9/12/25  P. v. Barksdale CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101763 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE000769) |
| v. | |
| SHAUKU DARYL BARKSDALE, | |
| Defendant and Appellant. | |

A jury found defendant Shauku Daryl Barksdale guilty of rape, and the trial court sentenced him to 16 years in prison.  He argues now that the court abused its discretion and violated his federal due process rights by admitting evidence of his prior juvenile adjudication for rape.  This claim is without merit.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with rape by means of force or fear (Pen. Code, § 261, subd. (a)(2)) and alleged numerous aggravating circumstances and that defendant suffered a sustained petition for rape in 1988 when defendant was 17 years old.

1

At trial, the victim testified that in 2019 she and her boyfriend were housemates with defendant and his wife. On February 3, the victim and her boyfriend were arguing as they entered the home. The victim's boyfriend loaded some personal items into his car and left. Defendant and his wife also left but defendant returned 20 to 25 minutes later. Defendant asked the victim how she was doing, and they discussed the victim selling some of her boyfriend's possessions online. After defendant smoked methamphetamine from the victim's pipe, defendant reached between the victim's legs and asked "so this is free now?" The victim attempted to physically separate herself from defendant; defendant tried to pull down her leggings. The victim pulled her legs up in a fetal position on her bed, but defendant ultimately pulled down her leggings and underwear. The victim said she was not interested in having sex with him. Defendant pushed his erect penis into her vagina. The victim continued resisting and saying no but defendant overcame her resistance and ejaculated. Later, she heard defendant say something to the effect of "all right, see you later," and then heard the front door close.

The parties stipulated to the jury that in 1988 at the age of 17, defendant pled no contest to rape by force in juvenile court.

The jury here then found defendant guilty of rape. At a bench trial, the trial court found defendant suffered a prior strike conviction and found true several aggravating circumstances. The court sentenced defendant to 16 years imprisonment (the upper term, doubled due to the prior strike).

Defendant timely appealed.

## DISCUSSION

Defendant argues the trial court abused its discretion under Evidence Code[1] sections 352 and 1108 by admitting evidence that defendant had suffered a prior rape

---

[1] Undesignated statutory references are to the Evidence Code.

adjudication when he was a juvenile.  He further contends the introduction of this evidence violated his federal right to due process.

*Additional Background*

Prior to trial, the People moved to admit documentary evidence of defendant's prior rape adjudication pursuant to section 1108.  In their motion, the People described the facts of this prior adjudication.  In 1987, defendant and his prior victim were on the back patio of the home where the victim was living.  Defendant started talking to the victim about problems she was having with her boyfriend.  Defendant gave the victim a hug, which turned into a forceful hug.  The victim told him to stop and tried to push defendant away.  Defendant tried to kiss the victim and began fondling her breasts.  Defendant told the victim she liked it even though the victim continued to tell defendant to stop.  Defendant pulled the victim against the building and had his pants unzipped with his belt undone.  He held one of her hands against the building while using his other hand to pull her pants down.  Defendant kicked the victim's legs apart, then inserted his fingers into the victim's vagina.  Defendant then pulled the victim down and began having vaginal intercourse with her.  The victim believed defendant ejaculated.  Afterward, defendant pulled his pants back up and began talking about the victim's boyfriend again, as if nothing had happened.

Defendant opposed the motion, arguing that the probative value of the prior adjudication was outweighed by the risk of undue prejudice under section 352.

At a pretrial hearing, the People maintained the prior juvenile adjudication was relevant to show defendant had a propensity to commit sex offenses.  The People highlighted similarities between the prior adjudication and the charged crime, specifically how in both instances:  (1) defendant lived with the victim; (2) defendant was familiar with the victim and used that relationship to get close to them; (3) defendant groped each victim before forcing them to have sexual intercourse; and (4) defendant acted as if nothing happened afterwards.

Defendant argued the evidence had no probative value. In his view, the evidence did not show defendant had a propensity to commit sexual offenses as the prior offense occurred 36 years prior and defendant had not been convicted of any kind of sex offense since then. He further argued the issue would confuse the jury and have a prejudicial effect.

The trial court ruled that evidence of the prior juvenile adjudication was admissible. The court explained: "The Legislature has determined that sex offenders are a different class of offender in that they oftentimes do reoffend and reoffend in a similar manner. [¶] In this case I do take into consideration that [defendant's] crime was committed when he was a juvenile. He was 17 years of age, as I understand it, when he committed this offense. But what strikes the Court is the similarity in the offense. [¶] . . . [¶] . . . [I]n the 25 years I have been ruling on these types of issues and the 25 years I have been a judge, I can't recall something so similar as what occurred in 1987 as what occurred and is alleged to have occurred in the case that confronts this Court today. It's almost uncanny that the similarities are so great. You have people living together. You have a person having a problem with a boyfriend. You have a discussion about that. Then you have this unwanted aggressive sexual behavior, a victim saying no, in our case an alleged victim saying no, and [defendant] continuing, including what appears to be premature ejaculation or ejaculate that ends up outside of the victim's vagina in 1987 apparently, and then in the instant case in front of this Court, we have ejaculate belonging to [defendant] on the victim's thigh that was confirmed via DNA. [¶] So [it's] almost as close to a MO case as I have ever seen . . . notwithstanding the age of the case."

The court noted that, because the People were going to prove the prior offense by a certified record, "the prejudicial impact is quite mitigated given the fact that [the prosecutor's] not calling the alleged victim from that case." The court ultimately ruled it was "going to permit the People to use the certified records of the juvenile adjudication

4

. . . . [it does] find that it is substantially more probative than it is prejudicial, and for all those reasons [the court] indicated that will be admitted."

At trial, the parties agreed the prior rape adjudication would be presented to the jury by means of a stipulation rather than a certified record.

*Analysis*

Generally, evidence of a defendant's prior criminal acts is not admissible to establish the defendant's propensity to commit a crime. (§ 1101, subd. (a).) Section 1108 carves out an exception to the general rule against propensity evidence. In a criminal action where the defendant is accused of a sex offense, section 1108 renders admissible "evidence of the defendant's commission of other sex offenses" to prove a disposition to commit sex offenses. (*People v. Cordova* (2015) 62 Cal.4th 104, 132.)

Evidence that is admissible pursuant to section 1108 is still subject to exclusion under section 352. (*People v. Cordova*, *supra*, 62 Cal.4th at p. 132.) That provision authorizes a trial court to exclude evidence if the evidence's "probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (§ 352.) " ' "The 'prejudice' referred to in . . . section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues. In applying section 352, 'prejudicial' is not synonymous with 'damaging.' " ' " (*People v. Megown* (2018) 28 Cal.App.5th 157, 164.)

When determining whether evidence of a defendant's prior sexual offenses is unduly prejudicial under section 352, the trial court "must consider such factors as [the evidence's] nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and

5

the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*People v. Falsetta* (1999) 21 Cal.4th 903, 917.)

We review a trial court's admission of evidence under sections 1108 and 352 for abuse of discretion. (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 824.) We accord deference to a trial court's determination that the probative value of evidence admitted under section 1108 outweighs any danger of prejudice. (*People v. Dworak* (2021) 11 Cal.5th 881, 899.) A trial court has broad discretion under section 352, and we will not disturb its exercise of that discretion except on a showing it exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*Id.* at pp. 899-900.)

Defendant contends his juvenile rape adjudication had little probative value given that it occurred 32 years before the charged offense when defendant was a juvenile. We disagree. "Numerous cases have upheld admission pursuant to Evidence Code section 1108 of prior sexual crimes that occurred decades before the current offenses." (*People v. Robertson* (2012) 208 Cal.App.4th 965, 992; see, e.g., *People v. Soto* (1998) 64 Cal.App.4th 966, 977-978, 991-992 [upholding admission of prior sex offense that occurred 30 years before trial]; *People v. Branch* (2001) 91 Cal.App.4th 274, 284-287 [same].)

Defendant acknowledges these cases but argues the offenses in those cases were more similar. He also points out that the prior rape and the charged rape in this case were different in certain respects — for instance, the charged rape involved drug use whereas there was no evidence of drug use during the 1987 rape. We are not persuaded by defendant's attempt to distinguish these precedents and to minimize how similar the prior rape and the charged rape were. Given the many similarities between the rapes, evidence of the prior adjudication was highly probative of defendant's propensity to commit sex

6

crimes despite the remoteness of the prior adjudication and defendant's age when he committed it. (See *People v. Robertson*, *supra*, 208 Cal.App.4th at p. 992 ["Although appellant's attack on T.N. occurred more than 30 years ago, the striking similarities between the prior kidnapping and rape and the current kidnapping and rape balance out the temporal remoteness. Appellant's modus operandi in both cases was virtually identical"].)

While evidence of the prior rape was inflammatory, it was not any more inflammatory than the charged offense. (See *People v. Nguyen* (2010) 184 Cal.App.4th 1096, 1117 [explaining that a court should consider "whether the propensity evidence is . . . more inflammatory than evidence of the defendant's charged acts"].) What is more, we agree with the trial court that the risk of undue prejudice was mitigated by proving the prior offense with documentary evidence rather than with the victim's testimony. And admission of the evidence did not require an undue consumption of time. Given all this, the trial court was well within its discretion to admit the evidence under sections 352 and 1108.

As to defendant's due process claim, the People contend it is forfeited by defendant's failure to raise it below. Defendant concedes he did not make this argument in the trial court. We agree with the People that any distinct constitutional challenge to the evidence is forfeited. (See *People v. Catlin* (2001) 26 Cal.4th 81, 122; *People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347, fn. 9.)

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.

8